## 47501.   HARWELL v. THE STATE.

EVANS, Judge. The defendant was indicted and tried for the crime of murder. The jury was unable to reach a verdict and the court declared a mistrial. Within 30 days the case was again called for trial, and on the 29th day of May, 1972, defendant filed a motion for directed verdict

and for judgment notwithstanding the mistrial. These motions were denied. Thereafter the case proceeded to trial, resulting in a judgment of conviction of murder. The appeal here is from the denial of his motions previously made, but without a certificate for immediate review. The State, by brief, contends that a motion for new trial is now pending in this case and that the appeal is premature. *Held:*

1. Since the Constitution of 1945 gives appellate jurisdiction to the Court of Appeals "in all cases in which such jurisdiction has not been conferred . . . upon the Supreme Court," and that court has jurisdiction in all cases of *conviction* of a capital felony, this court, if it otherwise has jurisdiction of the matter, could review this murder case. Constitution of 1945 (*Code Ann.* §§ 2-3704, 2-3708).

2. While the defendant contends that the judgment here complained of was final, the denial of his motions for directed verdict and for judgment notwithstanding the mistrial were not final judgments, although they would have been final if granted in his favor. The case proceeded to trial, resulting in the conviction of murder, and a motion for new trial is now pending in this case, and there is no certificate of immediate review as to the judgment from which the appeal in this case is taken.

3. The General Assembly prescribes the conditions as to the right of review, and the new Appellate Practice Act of 1965 as amended (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; *Code Ann.* § 6-701 (a2)) allows a review by appeal as a matter of right as to all final judgments; but as to judgments that are not final, before appeal is available, a condition is imposed as a prerequisite that the trial judge certify within 10 days of entry of the judgment that same is of such importance to the case that immediate review should be had.

There is no such certificate of review in this case. The defendant is not allowed to bring his case to this court for review piece-meal without such certificate. The appeal is premature; but such points as are made therein are pre-

served, and if there is an appeal from a final judgment, such as the overruling of a motion for new trial, then the overruling of a motion for directed verdict, and the overruling of a motion for judgment for defendant notwithstanding the mistrial may be appealed to and reviewed by the appropriate Appellate Court.

*Appeal dismissed. Bell, C. J., and Stolz, J., concur.*
SUBMITTED SEPTEMBER 7, 1972—DECIDED SEPTEMBER 27, 1972.

*Hoyt L. Bradford,* for appellant.
*John T. Strauss, District Attorney,* for appellee.